UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10352-RGS

IOT INNOVATIONS LLC

v.

SIMPLISAFE, INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

June 28, 2023

STEARNS, D.J.

Plaintiff IOT Innovations LLC accuses defendant SimpliSafe, Inc., of directly, indirectly, and willfully infringing seventeen of its patents. SimpliSafe moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the court will deny the motion.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## I. Direct Infringement

SimpliSafe seeks dismissal of the direct infringement claims on the ground that the First Consolidated Complaint (FCC) [Dkt # 30] does not allege that the "Accused Products meet every limitation of the asserted claims." Def.'s Mem. in Supp. Mot. to Dismiss [Dkt # 36] at 8. But a plaintiff need not "plead infringement on an element-by-element basis" to survive a motion to dismiss. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). It is enough that he or she alleges sufficient factual matter to show that "it is plausible that the accused product infringes the patent claim" and place "the alleged infringer on notice of what activity . . . is being accused of infringement." *Id.* at 1352-1353 (internal quotation marks and citations omitted). As the First Consolidated Complaint more than meets that burden here,[1] *see* FCC ¶¶ 28, 44, 60, 76, 86, 102, 119, 130, 147, 163, 180, 190, 207, 225, 235, 252, 270, the court declines to dismiss these claims.

---

[1] To the extent SimpliSafe suggests otherwise, its arguments hinge on adoption of its preferred constructions for certain terms (*e.g.*, dataserver or

2

## II. Indirect Infringement

SimpliSafe moves to dismiss the indirect infringement claims as insufficiently pled, arguing that the FCC fails to plead "(i) any knowledge of the patent or knowledge of infringement prior to the filing of this action; (ii) a specific intent to induce infringement; and (iii) no substantial noninfringing uses." Def.'s Mem. at 26. Upon review, however, the court disagrees that the FCC is deficient as to any of these elements. IOT alleges that SimpliSafe willfully blinded itself to IOT's patent rights by adopting a blanket policy of not reviewing the patents of others, *see* FCC ¶¶ 32, 48, 64, 90, 106, 135, 152, 168, 194, 211, 239, 256; that SimpliSafe encouraged employees and customers to use the products in an infringing manner through advertising materials, instruction manuals, and explicit direction, *id.* ¶¶ 14-15, 29, 45, 61, 87, 103, 132, 149, 165, 191, 208, 236, 253; and that that the accused products contain certain components that are specially designed to operate in a way that infringes the asserted patents and thus that these components "have no substantial uses other than ones that infringe," *id.* ¶¶ 30, 46, 62, 88, 104, 133, 150, 166, 192, 209, 237, 254. At this early stage in the litigation, no more is needed to plausibly establish knowledge, intent, and the lack of substantial

---

network) and thus are inappropriate for the motion to dismiss stage. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018).

non-infringing uses.[2]  *See Bot M8*, 4 F.4th at 1353 (noting that, at the pleading stage, "[s]pecific facts are not necessary"), quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The court accordingly denies the motion to dismiss the induced and contributory infringement claims.

### III.  Willfulness

SimpliSafe lastly seeks dismissal of the willfulness claims on the ground that the FCC "pleads no facts plausibly suggesting SimpliSafe acted" with the requisite intent.  Def.'s Mem. at 30.  At the pleading stage, however, a plaintiff need only allege knowledge and continued sale of the product.[3] *See Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*, 2020 WL 2079422, at *6 (D. Mass. Apr. 30, 2020); *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, 2017 WL 3795769, at *6 (D. Mass. Aug. 30, 2017).  As IOT has met that burden here, the court will not dismiss the willful infringement claims.

---

[2] The court notes, however, that even if specific facts were needed, the FCC would still suffice to state a claim because it includes excerpts from SimpliSafe materials to substantiate its allegations of specific intent and the lack of any substantial non-infringing uses.  *See, e.g.*, FCC ¶¶ 27, 60, 76, 130, 147.

[3] Even if a showing of intent were required, however, the same allegations plausibly establishing willful blindness would allow the court to similarly infer that the alleged infringement was willful.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>DENIED</u>.

        SO ORDERED.

        <u>/s/ Richard G. Stearns</u>
        UNITED STATES DISTRICT JUDGE